**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

BRIAN GUTIERREZ, on behalf of himself
and all others similarly situated,

                              5:25-cv-552
                    Plaintiff,        (ECC/CBF)

v.

LUCK GROVE CONSTRUCTION INC.
and LUCK GROVE TELECOM INC.,

                    Defendants.

---

Armando A. Ortiz, *Esq*., *for Plaintiff*
Dean DiPilato, *Esq*., *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff Brian Gutierrez, individually and on behalf of similarly situated coworkers, began

this action on May 2, 2025.  Dkt. No. 1.  The Amended Complaint (Am. Compl.) alleges violations

of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201, *et seq*., and New York Labor

Law (NYLL) and supporting regulations, N.Y. Lab. Law.  §§ 190, 650 *et seq*., N.Y. Comp. Codes.

R. & Regs. tit. 12, § 142-2.2., by Defendants Luck Grove Construction, Inc. (Construction) and

Luck Grove Telecom, Inc. (Telecom).  Am. Compl. ¶¶ 113–54, Dkt. No. 9.  Presently before the

Court is Defendants' motion to dismiss portions of the Amended Complaint under Federal Rule

of Civil Procedure 12(b)(6) and to strike portions of the Amended Complaint under Federal Rule

of Civil Procedure 12(f).  Dkt. No. 10.  The motion is fully briefed, Dkt. Nos. 10-1, 16, 17, and

oral argument is not necessary.  For the following reasons, Defendants' motion is denied.

## I.    FACTS[1]

Plaintiff was employed "as a top hand tower technician from approximately January 9, 2023 to September 12, 2023," working "in and around the Syracuse, New York area."  Am. Compl. ¶¶ 94–95.  Construction was "listed as the corporate payor" on Plaintiff's pay stubs.  *Id.* at ¶ 50.

Construction and Telecom are "telecommunications and utilities engineering and construction" companies created in 2008 and "aimed at connecting businesses and communities with fast, reliable, and efficient communications services."  Am. Compl. ¶ 2.  They offer "services in a variety of telecommunications related areas, namely, land surveys, data collection through field verification, engineering assessments, and post-inspection, fiber-optic network design, engineering, and installation for commercial and residential purposes, and fixed line construction."  *Id.* at ¶ 3.  Defendants' revenue in 2023 was $33 million.  *Id.* at ¶ 11.

Defendants have their "corporate headquarters" in Syracuse, New York with offices in Tampa, Florida and Watseka, Illinois.  Am. Compl. ¶ 4.  Defendants "share employees, services, records, and equipment among one another," and "time keeping systems between the two entities are commonly managed and controlled."  *Id.* at ¶ 6.  In addition, "employees are shared between job sites, and [Defendants'] employees share equipment without regard to what entity may technically 'own' such equipment."  *Id.*  Human resources for Defendants is organized under Telecom, "as indicated in emails between Plaintiff and the [Human Resources] Department."  *Id.* at ¶ 8.  The Human Resources Department "would handle employee grievances for all [Defendants'] workers."  *Id.*  Employee records are maintained by Telecom.  *Id.* at ¶ 9.  Telecom

---

[1] These facts are drawn from the Amended Complaint.  The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true any legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

uses Construction to "process payroll checks." *Id.* at ¶ 14. Defendants also share a common website where they "refer to one another interchangeably without regard to 'construction' or 'telecom.'" *Id.* at ¶ 11. The website career page "does not differentiate between applying for jobs to Telecom or Construction, rather, prospective employees simply can request more information for 'Luck Grove' potential job opportunities." *Id.* at ¶ 12. The "website also identifies common management between the" Defendants including the President and Owner, Chief Executive Officer, Chief Operations Officer, and Chief Technical Officer. *Id.* at ¶ 13.

Plaintiff regularly worked more than 40 hours a week, but he was not always paid at a higher rate for overtime. Am. Compl. ¶¶ 96–97. "For instance, in the workweek ending April 2, 2023," Plaintiff was paid "straight time," not a higher rate, for 8.75 hours of overtime. *Id.* at ¶ 101. In addition, Plaintiff was not always paid for all the hours that he worked, and his compensation was deducted for "for reasons including[] out of pocket fuel costs and for reports related to workers smoking at the employer-provided housing." *Id.* at ¶¶ 102, 104.

On approximately September 6, 2023, Plaintiff emailed Telecom's Human Resources "Generalist, Renice Williams, about his hours being deducted," and he attached a copy of a New York Labor Law statute. Am. Compl. ¶ 108. "On September 12, 2023," Defendants terminated Plaintiff's employment "with no reason provided." *Id.* at ¶ 109. The termination letter was "signed by Renice Williams, HR Generalist, from [Telecom]." *Id.* The letter contained Telecom's "corporate logo and name on the letterhead." *Id.* at ¶ 61. In addition, the letter stated, "You are separated from employment from Luck Grove Telecom, Inc." *Id.* at ¶ 7 (emphasis removed).

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'"

3

*Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2 (S.D.N.Y. Sep. 22, 2017) (quoting *Twombly*, 550 U.S. at 555).  A court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.    DISCUSSION

#### A.  Telecom's Status as Plaintiff's Employer

Defendants move to dismiss the Amended Complaint because Plaintiff did not plead sufficient nonconclusory facts to establish that Telecom was his employer under the FLSA and NYLL.  Defendants' Memorandum of Law (Def. Mem.) at 8, 10, Dkt. No. 10-1.[2]  Defendants argue that those facts alleged "only on information and belief" are not well-pled. *Id.* at 12.  Plaintiff responds that both Defendants are his employer because they are a single integrated enterprise.  Plaintiff's Memorandum of Law (Pl. Mem.) at 12–13, Dkt. No. 16.  Defendants reply that even under the single integrated enterprise test, Plaintiff did not allege that Telecom is his employer because Plaintiff only pled "allegations [that] are merely boilerplate recitations of the test's

---

[2] Unless otherwise noted, citations to page numbers refer to pagination generated by the Court's ECF system.

elements, not factual averments."  Defendants' Reply Memorandum of Law (Def. Reply) at 4–5.

For the FLSA, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d); *see also* N.Y. Lab. Law §§ 190(3), 651(6) (defining, for NYLL, employer to include "any person, corporation . . . employing any individual in any occupation, industry, trade business, or service" and as "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer").  "Recognizing the 'expansiveness' of this definition, the Supreme Court has long instructed that employment status under the FLSA should be based on 'economic reality rather than technical concepts.'"  *Perez Perez v. Escobar Constr., Inc.*, No. 23-1240-cv, 2024 WL 3594325, at *2 (2d Cir. July 31, 2024) (citations omitted) (quoting *Falk v. Brennan*, 414 U.S. 190, 195 (1973) and *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961)).  "The regulations promulgated under the FLSA expressly recognize that a worker may be employed by more than one entity at the same time."  *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 66 (2d Cir. 2003) (citing 29 C.F.R. § 791.2 (2003)); *see also Perez Perez,* 2024 WL 3594325, at * 4 ("It is well established that, for purpose of the FLSA, 'a worker may be employed by more than one entity at a time.'") (quoting *Zheng,* 355 F.3d at 66).

The Second Circuit has relied on "various factors," to determine whether an entity is an employer based on "economic realities."  *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008) (collecting cases).  In *Perez Perez*, the Second Circuit used the single integrated enterprise test, where "an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger 'single-employer' entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part

5

of the single integrated employer." *Perez Perez*, 2024 WL 3594325, at *4 (quoting *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005) (quoting *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240–41 (2d Cir.1995))).[3]  "Courts consider the following factors to determine if multiple defendants constitute a single integrated enterprise: '(1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control.'" *Hudson v. St. Joseph's Hosp. Health Ctr.*, No. 5:21-cv-935 (GLS/TWD), 2023 WL 356165, at *2 (N.D.N.Y. Jan. 23, 2023) (quoting *Perez v. Westchester Foreign Autos, Inc.*, No. 11-cv-6091, 2013 WL 749497, at *7 (S.D.N.Y. Feb. 2018, 2013) (citing *Cook*, 69 F.3d at 1240)).

As an initial matter, Defendants' objection to Plaintiff's use of information and belief in the Amended Complaint is misplaced.  An allegation in a complaint is not insufficient merely because it is pled "upon information and belief." *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008) (Sotomayor, J.).  In addition, pleading on information and belief is "generally appropriate" when a complaint alleges matters "particularly within [a defendant's] knowledge and control." *Id.* (citing 5 *Wright and Miller's Federal Practice and Procedure* § 1224 (3d ed. 2004)).

The facts that Plaintiff pled on information and belief—including Defendants' shared use of equipment and the maintenance of their employment records by Telecom—are matters that are particularly within a defendant's knowledge and control.  Accordingly, the Court will consider all non-conclusory allegations that Plaintiff has pled on information and belief.

---

[3] There appears to be a split of authority as to whether the single integrated enterprise test applies to FLSA claims given that it "was developed in the context of the National Labor Relations Act." *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 368 n.3 (S.D.N.Y. 2014).  This issue is not addressed here because defendants have not argued that it does not apply and the Second Circuit applied the test in the FLSA context in an unpublished decision.  As a result, "given the early stage of these proceedings, the Court need not address this issue further at this juncture." *Id.*; *see Perez Perez*, 2024 WL 3594325, at *4 (applying the single integrated enterprise test).

Regarding the first prong of the single integrated enterprise test, interrelation of operations, Plaintiff alleges that (1) Defendants shared offices, a website, employees, services, records, and equipment among one another, Am. Compl. ¶¶ 4, 6, 9, and that (2) the Defendants' website career page "does not differentiate between applying for jobs" for one Defendant or the other, *id.* at ¶ 12. Regarding centralized control of labor relations, Plaintiff alleges that Defendants shared a human resources structure, the human resources structure handled all employee grievances for both Defendants, and, even though Plaintiff was nominally employed by Construction, a Telecom employee fired Plaintiff in a letter on Telecom letterhead that referred to his employment with Telecom. *Id.* at ¶¶ 7, 8, 58, 61, 108–09. Regarding common management, in addition to the allegations summarized for the first two factors, Plaintiff alleged that Defendants share a President, Chief Executive Officer, Chief Operations Officer, and Chief Technology Officer. *Id.* at ¶ 13. Finally, regarding the common ownership or financial control factor, Plaintiff alleged that Defendants have the same owner. *Id.* Considering the totality of the circumstances and drawing all reasonable inferences in Plaintiff's favor, Plaintiff alleges that Telecom and Construction are a single integrated enterprise, and that as a matter of economic reality, Telecom was also his employer for the FLSA and NYLL.

Defendants rely on cases that are not binding and also distinguishable. Def. Mem. at 10–11; Def. Reply at 5–6. In *Lopez v. Acme Am. Env't Co.*, No. 12-cv-511, 2012 WL 6062501, at *4 (S.D.N.Y. Dec. 6, 2012), the court concluded that the plaintiffs failed to "allege a relationship of control between the [defendants] and themselves." Here, however, Plaintiff alleged a relationship of control between himself and Telecom by alleging that Telecom fired him and therefore had the power to fire him. *See also Apolinar v. R.J. 49 REST., LLC*, No. 15-cv-8655, 2016 WL 2903278, at *4 (S.D.N.Y. May 18, 2016) (concluding that no employment relationship existed where the

plaintiffs did "not allege that [the defendants] had any sort of direct employer responsibility over them, such as the ability to hire or fire, or set work hours or job responsibilities").  Similarly, in *Chui-Fan Kwan v. Sahara Dreams Co. II Inc.*, No. 17-cv-4058, 2018 WL 6655607, at *3–4 (S.D.N.Y. Dec. 19, 2018), the court granted the motion to dismiss because, unlike here, the plaintiff alleged only "conclusory, boilerplate allegations" that the defendants "shared centralized control of labor relations or interrelation of operations, much less that they had any control—as a matter of economic reality—over Plaintiff."

The Second Circuit and other district courts in this circuit have concluded that allegations similar to the Plaintiff's allegations in the Amended Complaint were sufficient to plead a single integrated enterprise.  *See, e.g.*, *Perez Perez*, 2024 WL 3594325, at *4 (concluding that a single integrated enterprise was sufficiently pled where the plaintiffs alleged that the defendants shared staff, paid plaintiffs for work performed for one defendant with checks issued by other defendants, advertised "as an enterprise," transferred profits to "family members who did not work for the companies," and one person "ultimately controlled" the defendants); *Gonzalez v. Wicked Taco LLC*, 764 F. Supp. 3d 77, 97–98 (E.D.N.Y. 2025) (same where plaintiff alleged that "supplies were transferred between" defendants; marketing for defendants was interrelated; employment records for defendants, "including those regarding payroll and timekeeping, were stored and maintained through the same payroll processor" for both defendants; employees of both defendants were directed to send "questions concerning payroll or finances" to the same email address; management was shared between defendants as one man "had the ability to hire and fire all employees" and could "modify any employee's shift schedule at will;" and one person owned both defendants.) *reconsideration denied*, 772 F. Supp. 3d 284 (E.D.N.Y. 2025), *objections overruled*, 795 F. Supp. 3d 401 (E.D.N.Y. 2025), *and objections overruled*, 795 F. Supp. 3d 401 (E.D.N.Y.

8

2025); *Aguilar v. Calexico Cinco LLC*, No. 22-cv-6345, 2024 WL 3837669, at *8 (E.D.N.Y. June 28, 2024) (same where plaintiff alleged that defendants "shared a website for advertising, communication, and job applications," used the same trademarked name, "utilize a centralized human resources department and a shared employee handbook" and had "common ownership").

Defendants' motion to dismiss Telecom as a Defendant is therefore denied.

### B. Class Allegations

Defendants also move to dismiss or strike Plaintiff's NYLL class allegations "because Plaintiff has not plausibly alleged that the proposed class meets the numerosity requirement" of Federal Rule of Civil Procedure 23(a)(1), and Plaintiff's allegation that more than 50 class members exist is "purely speculative and is achieved only by counting the combined workforces of both [Construction] and Telecom." Def. Mem. at 22–24. Plaintiff responds that the motion to strike improperly relies on facts outside those pled in the Amended Complaint and that the motion is premature. Pl. Mem. at 26–28.

Under Federal Rule of Civil Procedure 12(f), "a court may strike 'from a pleading' any 'insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 95 (2d Cir. 2019) (quoting Fed. R. Civ. P. 12(f)). To the extent that Plaintiff has alleged facts that bear on class certification, at this stage of the litigation, nothing suggests that they are "redundant, immaterial, impertinent, or scandalous." The motion to strike the class allegations is therefore denied.

In addition, as Plaintiff points out, Defendants cannot rely on facts that are neither in the Amended Complaint nor subject to judicial notice to argue that a well-pled allegation in the Amended Complaint is not true. *Cf. Tecocoatzi-Ortiz v. Just Salad LLC*, No. 18-cv-7342, 2019 WL 1585163, at *6 (S.D.N.Y. Apr. 12, 2019) ("Whether the plaintiffs will be able to make a

9

sufficient showing to support certification at the first stage of the certification process so that notice should be sent to potential members of the class cannot be decided on this motion to dismiss.") (citation omitted).  Moreover, even if Defendants' factual assertion could be considered, their motion to dismiss Telecom is denied.  Accordingly, the NYLL class allegations are not dismissed or struck, and Defendants' motion is denied in its entirety.

### IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion to dismiss and strike, Dkt. No. 10, is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 18, 2026

_____
Elizabeth C. Coombe
U.S. District Judge

10